## WILLIAM STEINMAN vs. WESLEY TOLIVAR.

1. If no objection was made to any of the evidence given in the circuit court, and no exceptions taken to any of the instructions given by that court for either party, the supreme court will not notice either.

2. The overruling a motion for a new trial is properly a subject which comes before the sound discretion of the circuit court; the supreme court must see that this discretion has been abused before it will interfere.

## APPEAL from St. Louis Court of Common Pleas.

#### STATEMENT OF THE CASE.

Wesley Tolivar, the appellee, sued Lubke & Penningrot, and attached the steamboat "Beardstown," as their property. William Steinman the appellant interpleads and claims the boat as his property at the time the attachment issued. Evidence a note for $1200 executed to him by Lubke & Penningrot on the 1st Dec., 1847. 2. Conveyance of boat to trustee on the 18th M rch, 18 8, to secure said note. 3. Sale of the boat by trustee, and purchase by Steinman, and bill of sale and delivery of boat to Steinman.

Evidence of Lubke that the deed of trust was executed in good faith to secure the note which was also executed in good faith.

The appellee proved by three witnesses, Riley, Tice and Felt, that Lubke said before the sale of the boat the deed of trust was executed to secure the debts of said witnesses. One of the witnesses, Felt, also stated that Steinman, the appellant, stated after the sale that the deed of trust was intended to secure the debts of Tice and Tolivar.

MOREHEAD, for appellants.

Upon this state of facts it is insisted that the title of Steinman to the boat at the time the attachment was levied is unquestionable, unless there is positive proof of fraud in the execution of the note, fraud cannot be presumed. There is no proof in the case relating to the note, its execution, consideration or justness except by Lubke.

That the verdict of the jury was erroneous and that the weight of evidence was for the appellant, inter leader below.

If the statements attributed to Lubke by the three witnesses be true, (which is not admitted) yet if he did make the statement, that statement cannot affect the rights of Steinman, the justice of his note, or implicate him in a fraud. That statement could not affect the deed of trust solemnly executed of a different import. Besides, it was not made under oath; he now makes a very different statement under oath.

Again, if the statement be true, what does it amount to? Not that the note was not just and bona fide that was executed long before the debts of Tice, Felt & Tolivar began to accrue, and the witnesses with all their prejudices could not attach it, but that they, the witnesses, were impliedly beneficiaries of the trust with Steinman. The validity of the sale under the trust cannot be affected. If there is any advantage from this statement it is against Steinman himself for a portion of the proceeds of sale. The same must stand good, made regularly and without notice, and the title under it is good. The case then comes before the jury on the part of Steinman with a note, deed of trust and sale, all unimpeached and sale regular, and one witness who proves the note and deed of trust executed in good faith; on the part of Tol-

---

Steinman vs. Tolivar.

---

ivar, one witness, Fel', who proves that St. inman said after the sale the trust was intended to secure Tice & Tolivar. If there is any thing in Felt's evidence it is only as to liability of Steinman personally to Tice & Tolivar for proceeds of sale, it cannot as before stated affect the validity of sale. See case of Laker vs. Welsh, 4 Mo. R. 484, as to Lubke's evidence.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by attachment in favor of Wesley Tolivar against Lubke & Penningrot.

The steamboat "Beardstown" was attached. William Steinman claimed the property as his, and filed his interpleader setting forth his claim. This claim was denied; a jury was empannelled, and they found a verdict against Steinman. He moved for a new trial, which was overruled and denied him. He therefore tendered his bill of exceptions, and brings the case here by writ of error.

The bill of exceptions shews that no objections or exceptions were taken by the interpleader to any evidence offered by either party below. Nor were any exceptions taken to any instructions refused or given by the court for either party below.

The facts were offered, and were presented to the jury without any exception.

The court gave instructions to the jury which placed the matter fairly before them.

We cannot now take notice of any illegal or improper evidence, if any such were offered; nor can we notice the instructions given, as no objection was taken to them below. The only point before us is the overruling the motion for a new trial.

Now this is properly a subject which comes before the sound discretion of the lower court, and in this matter we must see that the court abuses this discretion before we will interfere.

The jury had the whole facts before them, they knew what credit the witnesses were entitled to, and they could very properly see whether from the facts in proof there was any fraud or not between Steinman and Lubke & Penningrot about the sale and trust of the steamboat Beardstown.

We cannot interfere with the judgment of the court below in this case.

Nothing has been properly presented to us but the simple quest'on of new trial or not, and there is no sufficient reason apparent on the record why there should be a new trial.

Let the judgment below below be affirmed.